# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Roberto M.D., | Case No. 21-cv-1343 (NEB/TNL) |
| Petitioner, | |
| v. | **ORDER** |
| Merrick B. Garland, *Acting[1] Attorney General, Department of Justice*; Alejandro Mayorkas, *Secretary, Department of Homeland Security*; Tae D. Johnson, *Acting Director, Immigration and Customs Enforcement*; Marcos Charles, *Director, St. Paul Field Office, Immigration and Customs Enforcement*, and Joel Brott, *Sheriff, Sherburne County Jail*, | |
| Respondents. | |

This matter comes before the Court on Petitioner Roberto M. D.'s "Instant Pro Se Petition for Writ of Habeas Corpus" ("Petition"), ECF No. 1 brought pursuant to 28 U.S.C. § 2241; "Notice of Motion and Motion to Expedite Order to Show Cause and Consideration" ("Motion to Expedite"), ECF No. 4; and "Notice of Motion and Motion to Alter Instant Pro Se Petition for Writ of Habeas Corpus," ("Motion to Amend"), ECF No. 5.

## I. MOTION TO AMEND

In light of Petitioner's pro se status, the Court has construed his "Notice of Motion and Motion to Alter Instant Pro Se Petition for Writ of Habeas Corpus" as a motion to

---

[1] Garland was sworn in as Attorney General of the United States on March 11, 2021. *Office of the Attorney General*, U.S. Dep't of Justice, https://www.justice.gov/ag (last visited June 24, 2021).

amend the initial Petition filed on June 4, 2021. *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

Federal courts have jurisdiction to hear habeas challenges to the lawfulness of immigration-related detentions under 28 U.S.C. § 2241. *Denmore v. Kim*, 538 U.S. 510, 516-17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A habeas petition brought pursuant to 28 U.S.C. § 2241 "may be amended . . . as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see, e.g.*, *Smith v. Pelosi*, No. 20-cv-0284 (NEB/KMM), 2020 WL 2857582, at *5 n.5 (D. Minn. Apr. 21, 2020), *report and recommendation adopted*, 2020 WL 2850175 (D. Minn. June 2, 2020). The Federal Rules of Civil Procedure permit a party to "amend its pleading once as a matter of course" if amendment is sought within certain timeframes. Fed. R. Civ. P. 15(a)(1). Petitioner's Motion to Amend, filed just 11 days after the Petition, is timely under Rule 15(a)(1).

As the Court understands Petitioner's Motion to Amend, Petitioner wants to replace the "Causes of Action[]" section in the Petition, *see* Pet. ¶¶ 60-76, with the "Altered Causes of Action[]" section in the Motion to Amend, *see* Mot. to Amend ¶¶ 65-103. Rather than submitting a new, amended petition that was complete in itself, Petitioner appears to be trying to incorporate portions of the Petition by reference, resulting in a veritable patchwork amendment. This sort of approach is generally not permitted under the Court's Local Rules. D. Minn. LR 15.1(a) ("Unless the court orders otherwise, any amended pleading must be complete in itself and must not incorporate by reference any prior pleading.").

Petitioner's Motion to Amend is a good example of the confusion that can be created with such a patchwork approach. The "Causes of Action[]" section in the Petition begins

2

with Paragraph 60. Pet. ¶ 60. Count One, entitled "Violation of the Fifth Amendment Due Process Clause: Lack of Notice," consists of Paragraphs 60 through 64. Pet. ¶¶ 60-64. Count Two, entitled "Violation of the Fifth Amendment Due Process Clause: Wrong Allocation of the Burden of Proof," begins at Paragraph 65. Pet. ¶ 65. In the Motion to Amend, Petitioner states that he wants to replace the "Causes of Action[]" section of the Petition with the "Altered Causes of Action[]" section in the Motion to Amend. Yet, the "Altered Causes of Action[]" section begins with Paragraph 65. ECF No. 5 at 1. Given this disconnect with the paragraph structure—beginning with Paragraph 65 rather than the expected Paragraph 60 if only replacement was intended—it is unclear whether Petitioner wants to keep Count One of the Petition as a count in the amended petition.

Because Petitioner's request to amend the Petition is timely, the Court will grant his motion. Petitioner will, however, be ordered to file an amended petition, containing all of the claims he wishes to make. That amended petition must be an entirely new petition that fully supersedes, and does not merely supplement, the original Petition. **Petitioner must file the amended petition within 20 days from the date of this Order.**[2] Once Petitioner has clarified the particular claims he is asserting, then Respondents will be directed to answer.

## II. MOTION TO EXPEDITE

Petitioner's Motion to Expedite is denied without prejudice. First, Petitioner has not demonstrated that his action materially differs from other habeas actions involving

---

[2] To assist Petitioner in preparing an amended petition that fully incorporates those claims he wishes to make, the Clerk of Court will be directed to provide Petitioner with copies of the Petition and his Motion to Amend along with a copy of the form for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

3

petitioners detained by Immigration and Customs Enforcement. *See Abshir H. A. v. Barr*, No. 19-cv-1033 (PAM/TNL), 2019 WL 3292058, at *4 (D. Minn. May 6, 2019), *report and recommendation adopted sub nom. Abi v. Barr*, 2019 WL 2463036 (D. Minn. June 13, 2019). Second, Petitioner contends he is at risk of contracting COVID-19, but he provides insufficient support for the proposition that he is at imminent risk of contracting the virus and no information about the extent of COVID-19 at the facility where he is detained. Finally, Petitioner himself is largely responsible for any delay due to the confusion generated by his Motion to Amend and the clarification needed before this matter may proceed.

### III. ORDER

Based on the foregoing and all the files, records, and proceedings herein, I**T IS HEREBY ORDERED THAT**:

1. Petitioner's "Notice of Motion and Motion to Alter Instant Pro Se Petition for Writ of Habeas Corpus," ECF No. 5, is **GRANTED**.

2. **Petitioner must file the amended petition within 20 days from the date of this Order.** The amended petition must be an entirely new petition that fully supersedes, and does not merely supplement, the original Petition.

3. The Clerk of Court shall provide Petitioner with copies of his "Instant Pro Se Petition for Writ of Habeas Corpus," ECF No. 1, and "Notice of Motion and Motion to Alter Instant Pro Se Petition for Writ of Habeas Corpus," ECF No. 5, along with the form for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

[Continued on next page.]

4. Petitioner's "Notice of Motion and Motion to Expedite Order to Show Cause and Consideration," ECF No. 4, is **DENIED WITHOUT PREJUDICE**.


Date: June  24  , 2021                                    *s/ Tony N. Leung*
                                                          Tony N. Leung
                                                          United States Magistrate Judge
                                                          District of Minnesota


                                                          *Roberto M. D. v. Garland et al.*
                                                          Case No. 21-cv-1343 (NEB/TNL)