## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERTO M. D., | Case No. 21-CV-1343 (NEB/TNL) |
| Petitioner, | |
| v. | ORDER |
| MERRICK GARLAND, et al., | |
| Respondents. | |

In December 2021, United States Magistrate Judge Tony N. Leung issued a Report and Recommendation concerning Petitioner's amended petition for writ of habeas corpus. (ECF No. 12 ("R&R") at 25.) Petitioner did not object to the R&R. The government responded to the R&R explaining that Petitioner had withdrawn his appeal to the Board of Immigration Appeals, thereby making his order of removal final. Petitioner then requested that the Immigration and Customs Enforcement ("ICE") remove him to Mexico. (ECF No. 13 at 1; ECF No. 14 ¶¶ 3–4.) ICE did so in November 2021. (ECF No. 14 ¶¶ 4–5.) Because Petitioner is no longer detained, his amended petition is moot.

The amended petition seeks Petitioner's immediate release from custody, or in the alternative, a bond hearing at which the government bears the burden of proof by clear and convincing evidence, and declaratory relief relating to Petitioner's detention. (ECF No. 7 at 15–17.) Because Petitioner is no longer in ICE custody, the Court cannot order

his release or bond hearing, so "[a]ny such order would be ineffectual." *Sirleaf v. Sec'y, Dep't of Homeland Sec.*, 17-CV-4126 (DSD/HB), 2018 WL 3407697, at *1 (D. Minn. June 19, 2018), *report & recommendation adopted*, 2018 WL 3404154 (D. Minn. July 12, 2018). Petitioner's request for declaratory relief is likewise moot because he was released and there is no reasonable expectation that he will be detained again. *See Senty–Haugen v. Goodno*, 462 F.3d 876, 889 (8th Cir. 2006) ("Equitable remedies are . . . not available 'absent a showing of irreparable injury'.") (citation omitted).

"Once a [28 U.S.C. Section] 2241 petitioner has been removed from the United States and deported to his native country . . . his petition seeking release from ICE custody becomes moot, as there is no longer a live case or controversy as required by Article III." *Estrada-Heredia v. Holder*, No. 12-CV-1157 (SRN/SER), 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012) (collecting cases), *report & recommendation adopted*, 2012 WL 4839019 (D. Minn. Oct. 11, 2012). Petitioner's removal to Mexico leaves nothing for the Court to grant as relief in the amended habeas petition. Moreover, the Court has considered the exceptions to mootness, and finds that none apply.[1] (*See* ECF No. 13 at 3 (evaluating exceptions to mootness).)

---

[1] One exception to mootness is "collateral" injuries that survive after resolution of the primary injury. *Sirleaf*, 2018 WL 3407697, at *1 (citation omitted). Although a collateral consequence of removal is that an alien is inadmissible to the United States for some time, *Doe v. Holder*, 651 F.3d 824, 828 (8th Cir. 2011), the amended petition challenges only Petitioner's detention and not his order of removal, so this exception does not apply. *See Sayonkon v. Beniecke*, No. 12-CV-27 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn.

Based on all the files, records, and proceedings in the above-captioned matter, IT IS HEREBY ORDERED THAT:

1. The amended petition for writ of habeas corpus (ECF No. 7) is DENIED AS MOOT; and

2. The action is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: February 23, 2022                    BY THE COURT:

                                            s/Nancy E. Brasel
                                            Nancy E. Brasel
                                            United States District Judge

---

Apr. 17, 2012) (collecting cases), *report & recommendation adopted*, 2012 WL 1622545 (D. Minn. May 9, 2012).